**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CREELED, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>PROMIER PRODUCTS, INC., and<br>TRACTOR SUPPLY CO.,<br><br>        Defendants. | **CIVIL ACTION NO. 1:25-CV-13851**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff CreeLED, Inc. ("Cree LED" or "Plaintiff") files this Complaint for patent infringement against Defendants Promier Products, Inc. d/b/a LitezAll ("Promier") and Tractor Supply Co. ("Tractor Supply") (collectively, "Defendants") and alleges as follows:

## NATURE OF ACTION

1.     This is an action for infringement of United States Patent Nos. 9754926 (the '926 Patent); 9070850 (the '850 Patent); 10439112 (the '112 Patent); 11791442 (the '442 Patent); D790486 (the 'D486 Patent); and D892066 (the 'D066 Patent) (collectively, the "Asserted Patents"). Specifically, Cree LED brings this action because Defendants infringe the Asserted Patents by selling flashlights and head lamps that contain infringing light-emitting diode ("LED") packages and components.

2.     Cree LED, together with its predecessor, Cree, Inc., has over a thirty-year track record of innovations and industry firsts in LED technology driven by its investment in and focus on research and development. Cree LED's rich history of innovation has distinguished it as one of the LED industry's strongest brands. Today, Cree LED specializes in providing a broad portfolio of high-performance LED chips and components throughout the world. Cree LED's contributions

1

to LED development and design serve as the basis for Cree LED's expansive portfolio of U.S. and worldwide patents, covering an array of innovative technologies.

3.      Cree LED is committed to protecting and enforcing its valuable intellectual property.

4.      Furthermore, as an industry leader, it is incumbent upon Cree LED to be a guardian of product quality in the LED industry by ensuring that its innovations are legitimately practiced with consistent high quality, especially given the integral role of LED technology in everyday life.

5.      Cree LED seeks injunctive relief and monetary damages.

## THE PARTIES

6.      Cree LED is a corporation formed under the laws of the state of Delaware, with a principal place of business at 4001 E. Hwy 54, Suite 2000, Durham, NC 27713.

7.      On information and belief, Promier is a corporation formed under the laws of the state of Illinois, with a principal place of business at 304 5th Street, Peru, IL 61354.

8.      On information and belief, Tractor Supply is a corporation formed under the laws of the state of Delaware, with a principal place of business at 5401 Virginia Way, Brentwood, TN 37027, and other business locations throughout Illinois and this District, including at least at 26829 W Eames St., Channahon, IL 60410.

## JURISDICTION AND VENUE

9.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has personal jurisdiction over Promier because, upon information and belief, Promier is a corporation formed under the laws of the state of Illinois and maintains its

principal place of business in Illinois in this District, from which, upon further information and belief, it markets and sells or has marketed and sold the infringing products described herein.

11.     This Court has personal jurisdiction over Tractor Supply because Tractor Supply has committed acts of infringement in this District by making, using, selling, offering for sale, or importing infringing goods within the District.  Tractor Supply also has a regular and established places of business located in the State of Illinois and within this District including at 26829 W Eames St Channahon, IL 60410, a storefront where infringing goods are held and from which infringing goods are sold to customers within the state of Illinois.

12.     Venue is proper in this District under 28 U.S.C. § 1400(b) because (i) Premier resides in this District for venue purposes, and (ii) upon information and belief, Tractor Supply has committed acts of infringement and has a regular and established place of business in this District.

## FACTS

### The Asserted Patents

13.     The '926 Patent is titled "Light emitting diode (LED) arrays including direct die attach and related assemblies." The U.S. Patent and Trademark Office ("PTO") issued the '926 Patent on September 5, 2017. Cree LED is the owner of all rights, title, and interests in and to the '926 Patent, including all rights to bring actions and recover damages for past and future infringement thereof. A true and correct copy of the '926 Patent is attached as **Exhibit A**.

14.     The '850 Patent is titled "Light emitting diode package and method for fabricating same." The PTO issued the '850 Patent on June 30, 2015. Cree LED is the owner of all rights, title, and interests in and to the '850 Patent, including all rights to bring actions and recover damages for past and future infringement thereof. A true and correct copy of the '850 Patent is attached as **Exhibit B**.

15.     The '112 Patent is titled "Light emitter packages, systems, and methods having improved performance." The PTO issued the '112 Patent on October 8, 2019. Cree LED is the owner of all rights, title, and interests in and to the '112 Patent, including all rights to bring actions and recover damages for past and future infringement thereof. A true and correct copy of the '112 Patent is attached as **Exhibit C**.

16.     The '442 Patent is titled "Light emitting diode package and method for fabricating same." The PTO issued the '442 Patent on October 17, 2023. Cree LED is the owner of all rights, title, and interests in and to the '442 Patent, including all rights to bring actions and recover damages for past and future infringement thereof. A true and correct copy of the '442 Patent is attached as **Exhibit D**.

17.     The 'D486 Patent is titled "LED package with truncated encapsulant." The PTO issued the 'D486 Patent on June 27, 2017. Cree LED is the owner of all rights, title, and interests in and to the 'D486 Patent, including all rights to bring actions and recover damages for past and future infringement thereof. A true and correct copy of the 'D486 Patent is attached as **Exhibit E**.

18.     The 'D066 Patent is titled "LED package." The PTO issued the 'D066 Patent on August 4, 2020. Cree LED is the owner of all rights, title, and interests in and to the 'D066 Patent, including all rights to bring actions and recover damages for past and future infringement thereof. A true and correct copy of the 'D066 Patent is attached as **Exhibit F**.

**Promier's Infringing Conduct**

19.     Promier makes, uses, offers to sell, and/or sells flashlight and head lamps that contain infringing LED packages and arrays. Those infringing flashlights and head lamps (collectively, the "Infringing Products") include at least the following:

- Kodiak Kolossus 15,000 Lumen Tactical Flashlight ("Kodiak Kolossus")
- Kodiak Kong 18,000 Lumen tactical Flashlight ("Kodiak Kong")

- Kodiak Komrade 2500 Lumen Compact Rechargeable Tactical Flashlight ("Kodiak Komrade")
- Kodiak 2000 Lumen Rechargeable Tactical Flashlight with Magnetic Charging ("Kodiak Flashlight with Magnetic Charging")
- Kodiak KUB Rechargeable Compact Flashlight 1000 Lumen ("Kodiak KUB")
- LitezAll 1000 Lumen Rechargeable Tactical Flashlight ("LitezAll Tactical Flashlight")
- LitezAll Rechargeable Ultac Ultra Lite Soft Touch Flashlight ("LitezAll Ultac")

20.     An image of the Kodiak Kolossus from Promier's website is shown below.



21.     The Kodiak Kolossus has an LED array meeting each element of at least the following claims: claim 1 of the '926 Patent.

22.     An image of the Kodiak Kong from Promier's website is shown below.



23.     The Kodiak Kong has an LED array meeting each element of at least the following claims: claim 1 of the '926 Patent.

24.     An image of the Kodiak Komrade from Promier's website is shown below.



25. The Kodiak Komrade has an LED package meeting each element of at least the following claims: claim 1 of the '850 Patent; and claim 14 of the '442 Patent.

26. An image of the Kodiak Flashlight with Magnetic Charging from Promier's website is shown below.



27.     The Kodiak Flashlight with Magnetic Charging has an LED or light emitter package meeting each element of at least the following claims: claim 1 of the '850 Patent; claim 23 of the '112 Patent; the designs claimed by the 'D486 Patent; and the designs claimed by the 'D066 Patent.

28.     An image of the Kodiak KUB from Promier's website is shown below.



29.     The Kodiak KUB has an LED package meeting each element of at least the following claims: claim 1 of the '850 Patent; the designs claimed by the 'D486 Patent; and the designs claimed by the 'D066 Patent.

30.     An image of the LitezAll Tactical Flashlight from Promier's website is shown below.



31.     The LitezAll Tactile Flashlight has an LED or light emitter package meeting each element of at least the following claims: claim 1 of the '850 Patent; claim 23 of the '112 Patent; and claim 14 of the '442 Patent.

32.     An image of the LitezAll Ultac from Promier's website is shown below.



33.     The LitezAll Ultac has an LED package meeting each element of at least the following claims: claim 1 of the '850 Patent; and claim 14 of the '442 Patent

34.     Promier has had notice of its infringement of at least the '926 Patent since at least June 17, 2025, by virtue of a letter Cree LED sent to Promier notifying Promier of that patent and Promier's infringement thereof.  Cree LED also marks its products by providing public notice of its LED component patents at https://www.cree-led.com/company/patents/.  Upon information and belief, Promier's infringement of at least the '926 Patent has thus been willful, and continued infringement by Promier of the asserted patents after notification of this complaint will also be willful.

35.     Promier's infringement is causing irreparable harm and monetary damages to Cree LED, entitling Cree LED to both monetary damages and injunctive relief.

**Tractor Supply's Infringing Conduct**

11

36. Tractor Supply makes, uses, offers to sell, and/or sells flashlight and head lamps that contain infringing LED packages and arrays. Upon information and belief, some of those products are supplied by Promier to Tractor Supply.

37. An image of the Kodiak Flashlight with Magnetic Charging from Tractor Supply's website is shown below.



38. The Kodiak Flashlight with Magnetic Charging has an LED or light emitter package meeting each element of at least the following claims: claim 1 of the '850 Patent; claim 23 of the '112 Patent; the designs claimed by the 'D486 Patent; and the designs claimed by the 'D066 Patent.

39. An image of the Kodiak KUB from Tractor Supply's website is shown below.



40. The Kodiak KUB has an LED package meeting each element of at least the following claims: claim 1 of the '850 Patent; the designs claimed by the 'D486 Patent; and the designs claimed by the 'D066 Patent.

41. An image of the LitezAll Ultac from Tractor Supply's website is shown below.



42. The LitezAll Ultac has an LED package meeting each element of at least the following claims: claim 1 of the '850 Patent; and claim 14 of the '442 Patent

43.     Tractor Supply's infringement is causing irreparable harm and monetary damages to Cree LED, entitling Cree LED to both monetary damages and injunctive relief.

44.     Upon information and belief, continued infringement by Tractor Supply of the asserted patents after notification of this complaint will be willful.

## COUNT I: PROMIER'S INFRINGEMENT OF THE '926 PATENT UNDER 35 U.S.C. § 271

45.     Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

46.     As detailed in the Claim Chart attached hereto as **Exhibit G**, Promier infringes one or more claims of the '926 Patent under 35 U.S.C. § 271(a), including at least Claim 1, by making, using, offering to sell, or selling in the United States the Kodiak Kolossus and Kodiak Kong without permission or license from Cree LED.

47.     In relation to Claim 1 of the '926 Patent, as detailed in **Exhibit G**, the Kodiak Kolossus and Kodiak Kong have an LED array comprising:

i.   a packaging substrate having a packaging substrate face

ii.   a first electrically conductive contact pad at the packaging substrate face;

iii.   a second electrically conductive contact pad at the packaging substrate face, the second electrically conducting pad comprising first and second portions disposed on opposite sides of an intervening portion of the first electrically conductive contact pad;

iv.   a first light emitting diode die bridging the first portion of the second electrically conductive pad and the intervening portion of the first electrically conductive pad, the first light emitting diode die including first anode and cathode contacts respectively coupled to the first and second electrically

14

conductive pads using metallic bonds, wherein widths of the metallic bonds between the first anode contact and the first electrically conductive pad and between the first cathode contact and the second electrically conductive pad are at least 60 percent of a width of the first light emitting diode die;

v. a second light emitting diode die the second portion of the second electrically conductive pad and the intervening portion of the first electrically conductive pad, the second light emitting diode die including second anode and cathode contacts respectively coupled to the first and second electrically conductive pads using metallic bonds, wherein widths of the metallic bonds between the second anode contact and the first electrically conductive pad and between the second cathode contact and the second electrically conductive pad are at least 60 percent of a width of the first light emitting diode die; and

vi. a filler on the packaging substrate between the first and second electrically conductive pads, wherein the filler is reflective and electrically insulating.

48. Upon information and belief, to the extent the Kodiak Kolossus and Kodiak Kong are found not to literally infringe Claim 1 of the '926 Patent, such devices infringe at least Claim 1 of the '926 Patent under the doctrine of equivalents because they perform substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.

49. Upon information and belief, Promier has made and is continuing to make unlawful gains and profits from its infringement of the '926 Patent.

50. As detailed above, Promier's infringement of the '926 Patent has been willful.

51.     Promier's infringement has caused and will continue to cause irreparable harm to Cree LED unless Promier's infringing activities are permanently enjoined by this Court.

52.     Promier's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## COUNT II: PROMIER'S INFRINGEMENT OF THE '850 PATENT UNDER 35 U.S.C. § 271

53.     Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

54.     As detailed in the Claim Chart attached hereto as **Exhibit H**, Promier infringes one or more claims of the '850 Patent under 35 U.S.C. § 271(a), including at least Claim 1, by making, using, offering to sell, or selling in the United States the Kodiak Komrade, Kodiak Flashlight with Magnetic Charging, Kodiak KUB, LitezAll Tactical Flashlight, and LitezAll Ultac without permission or license from Cree LED.

55.     In relation to Claim 1 of the '850 Patent, as detailed in **Exhibit H**, the Kodiak Komrade, Kodiak Flashlight with Magnetic Charging, Kodiak KUB, LitezAll Tactical Flashlight, and LitezAll Ultac have an LED package comprising:

     i.    a submount comprising a top surface and a bottom surface;

    ii.    a plurality of top electrically and thermally conductive elements on said top surface of said submount;

   iii.    an LED on one of said top electrically and thermally conductive elements, an electrical signal applied to said top electrically and thermally conductive elements causing said LED to emit light, said top electrically and thermally conductive elements spreading heat from said LED across the majority of said submount top surface;

iv.   a bottom thermally conductive element on said bottom surface not in electrical contact with said top electrically and thermally conductive elements and conducting heat from said submount;

v.   a lens over said LED; and

vi.   a protective layer in direct contact with and extending from a bottom of said lens;

vii.   wherein at least a portion of said lens is above a top surface of said protective layer.

56.   Upon information and belief, to the extent the Kodiak Komrade, Kodiak Flashlight with Magnetic Charging, Kodiak KUB, LitezAll Tactical Flashlight, and LitezAll Ultac are found not to literally infringe Claim 1 of the '850 Patent, such devices infringe at least Claim 1 of the '850 Patent under the doctrine of equivalents because they perform substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.

57.   Upon information and belief, Promier has made and is continuing to make unlawful gains and profits from its infringement of the '850 Patent.

58.   Promier's infringement has caused and will continue to cause irreparable harm to Cree LED unless Promier's infringing activities are permanently enjoined by this Court.

59.   Promier's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## COUNT III: PROMIER'S INFRINGEMENT OF THE '112 PATENT UNDER 35 U.S.C. § 271

60.   Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

61. As detailed in the Claim Chart attached hereto as **Exhibit I**, Premier infringes one or more claims of the '112 Patent under 35 U.S.C. § 271(a), including at least Claim 23, by making, using, offering to sell, or selling in the United States the Kodiak Flashlight with Magnetic Charging and LitezAll Tactical Flashlight without permission or license from Cree LED.

62. In relation to Claim 23 of the '112 Patent, as detailed in **Exhibit I**, the Kodiak Flashlight with Magnetic Charging and LitezAll Tactical Flashlight have a light emitter package comprising:

    i.    a submount comprising a planar surface;

    ii.    a plurality of electrical components disposed over the planar surface of the submount, wherein the plurality of electrical components comprises at least a first electrical trace, a second electrical trace, and a light emitter chip, and wherein a gap is disposed between the first electrical trace and the second electrical trace;

    iii.    a solder mask material disposed only in the gap;

    iv.    a protective layer of silicone disposed over the submount; and

    v.    at least one discrete and continuous layer of phosphor that is disposed between the protective layer of silicone and the planar surface of the submount, wherein the layer of phosphor is disposed over multiple surfaces of each electrical component of the plurality of electrical components, and wherein surfaces of each electrical component that are facing the planar surface of the submount are devoid of the at least one layer of phosphor.

63. Upon information and belief, to the extent the Kodiak Flashlight with Magnetic Charging and LitezAll Tactical Flashlight are found not to literally infringe Claim 23 of the '112

Patent, such devices infringe at least Claim 23 of the '112 Patent under the doctrine of equivalents because they perform substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.

64.　Upon information and belief, Promier has made and is continuing to make unlawful gains and profits from its infringement of the '112 Patent.

65.　Promier's infringement has caused and will continue to cause irreparable harm to Cree LED unless Promier's infringing activities are permanently enjoined by this Court.

66.　Promier's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## COUNT IV: PROMIER'S INFRINGEMENT OF THE '442 PATENT UNDER 35 U.S.C. § 271

67.　Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

68.　As detailed in the Claim Chart attached hereto as **Exhibit J**, Promier infringes one or more claims of the '442 Patent under 35 U.S.C. § 271(a), including at least Claim 14, by making, using, offering to sell, or selling in the United States the Kodiak Komrade, LitezAll Tactical Flashlight, and LitezAll Ultac without permission or license from Cree LED.

69.　In relation to Claim 14 of the '442 Patent, as detailed in **Exhibit J**, the Kodiak Komrade, LitezAll Tactical Flashlight, and LitezAll Ultac have an LED package comprising:

　　　i.　a submount comprising a first side, a second side that is opposite the first side, and a plurality of submount edges that are between the first side and the second side;

ii.   a first contact pad and a second contact pad on the first side of the submount, wherein a gap is formed between the first contact pad and the second contact pad;

iii.  an LED mounted on at least one of the first contact pad and the second contact pad;

iv.   a lens on the first side of the submount and over the LED; and

v.    a protective layer that is integral with the lens, wherein the protective layer extends from the lens to the plurality of submount edges, wherein a portion of the protective layer that is between a lateral boundary of the lens and at least one submount edge of the plurality of submount edges is within the gap.

70.    Upon information and belief, to the extent the Kodiak Komrade, LitezAll Tactical Flashlight, and LitezAll Ultac are found not to literally infringe Claim 14 of the '442 Patent, such devices infringe at least Claim 14 of the '442 Patent under the doctrine of equivalents because they perform substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.

71.    Upon information and belief, Promier has made and is continuing to make unlawful gains and profits from its infringement of the '442 Patent.

72.    Promier's infringement has caused and will continue to cause irreparable harm to Cree LED unless Promier's infringing activities are permanently enjoined by this Court.

73.    Promier's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## COUNT V: PROMIER'S INFRINGEMENT OF THE 'D486 PATENT UNDER 35 U.S.C. § 271

74. Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

75. Promier infringes the designs of the 'D486 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, or selling in the United States the Kodiak Flashlight with Magnetic Charging and Kodiak KUB without permission or license from Cree LED.

76. The LED package of the Kodiak Flashlight with Magnetic Charging infringes claim 1 of the 'D486 Patent's "ornamental design for an LED package with truncated encapsulant." An exemplary comparison of the Kodiak Flashlight with Magnetic Charging and the designs of the 'D486 Patent is provided below:



77. The LED package of the Kodiak KUB infringes claim 1 of the 'D486 Patent's "ornamental design for an LED package with truncated encapsulant." An exemplary comparison of the Kodiak KUB and the designs of the 'D486 Patent is provided below:



FIG. 1   FIG. 2   FIG. 3   FIG. 4

78.     Upon information and belief, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the designs of the Kodiak Flashlight with Magnetic Charging and Kodiak KUB are substantially the same as the designs claimed in the 'D486 Patent.

79.     Upon information and belief, Promier has made and is continuing to make unlawful gains and profits from its infringement of the 'D486 Patent.

80.     Promier's infringement has caused and will continue to cause irreparable harm to Cree LED unless Promier's infringing activities are permanently enjoined by this Court.

81.     Promier's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

### COUNT VI: PROMIER'S INFRINGEMENT OF THE 'D066 PATENT UNDER 35 U.S.C. § 271

82.     Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

83.     Promier infringes the designs of the 'D066 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, or selling in the

United States the Kodiak Flashlight with Magnetic Charging and Kodiak KUB without permission or license from Cree LED.

84.    The LED package of the Kodiak Flashlight with Magnetic Charging infringes claim 1 of the 'D066 Patent's "ornamental design for LED packages." An exemplary comparison of the Kodiak Flashlight with Magnetic Charging and the designs of the 'D066 Patent is provided below:



85.    The LED package of the Kodiak KUB infringes claim 1 of the 'D066 Patent's "ornamental design for LED packages." An exemplary comparison of the Kodiak KUB and the designs of the 'D066 Patent is provided below:



86. Upon information and belief, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the designs of the Kodiak Flashlight with Magnetic Charging and Kodiak KUB are substantially the same as the designs claimed in the 'D066 Patent.

87. Upon information and belief, Promier has made and is continuing to make unlawful gains and profits from its infringement of the 'D066 Patent.

88. Promier's infringement has caused and will continue to cause irreparable harm to Cree LED unless Promier's infringing activities are permanently enjoined by this Court.

89. Promier's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## COUNT VII: TRACTOR SUPPLY'S INFRINGEMENT OF THE '850 PATENT UNDER 35 U.S.C. § 271

90. Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

91. As detailed in the Claim Chart attached hereto as **Exhibit H**, Tractor Supply one or more claims of the '850 Patent under 35 U.S.C. § 271(a), including at least Claim 1, by making,

using, offering to sell, or selling in the United States the Kodiak Flashlight with Magnetic Charging, Kodiak KUB, and LitezAll Ultac without permission or license from Cree LED.

92.     In relation to Claim 1 of the '850 Patent, as detailed in **Exhibit H**, the Kodiak Flashlight with Magnetic Charging, Kodiak KUB, and LitezAll Ultac have an LED package comprising:

      i.   a submount comprising a top surface and a bottom surface;

      ii.   a plurality of top electrically and thermally conductive elements on said top surface of said submount;

      iii.   an LED on one of said top electrically and thermally conductive elements, an electrical signal applied to said top electrically and thermally conductive elements causing said LED to emit light, said top electrically and thermally conductive elements spreading heat from said LED across the majority of said submount top surface;

      iv.   a bottom thermally conductive element on said bottom surface not in electrical contact with said top electrically and thermally conductive elements and conducting heat from said submount;

      v.   a lens over said LED; and

      vi.   a protective layer in direct contact with and extending from a bottom of said lens;

      vii.   wherein at least a portion of said lens is above a top surface of said protective layer.

93.     Upon information and belief, to the extent the Kodiak Flashlight with Magnetic Charging, Kodiak KUB, and LitezAll Ultac are found not to literally infringe Claim 1 of the '850

Patent, such devices infringe at least Claim 1 of the '850 Patent under the doctrine of equivalents because they perform substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.

94.     Upon information and belief, Tractor Supply has made and is continuing to make unlawful gains and profits from its infringement of the '850 Patent.

95.     Tractor Supply's infringement has caused and will continue to cause irreparable harm to Cree LED unless Tractor Supply's infringing activities are permanently enjoined by this Court.

96.     Tractor Supply's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## COUNT VIII: TRACTOR SUPPLY'S INFRINGEMENT OF THE '112 PATENT UNDER 35 U.S.C. § 271

97.     Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

98.     As detailed in the Claim Chart attached hereto as **Exhibit I**, Tractor Supply infringes one or more claims of the '112 Patent under 35 U.S.C. § 271(a), including at least Claim 23, by making, using, offering to sell, or selling in the United States the Kodiak Flashlight with Magnetic Charging without permission or license from Cree LED.

99.     In relation to Claim 23 of the '112 Patent, as detailed in **Exhibit I**, the Kodiak Flashlight with Magnetic Charging has a light emitter package comprising:

     i.     a submount comprising a planar surface;

     ii.     a plurality of electrical components disposed over the planar surface of the submount, wherein the plurality of electrical components comprises at least a first electrical trace, a second electrical trace, and a light emitter chip, and

wherein a gap is disposed between the first electrical trace and the second electrical trace;

   iii.   a solder mask material disposed only in the gap;

   iv.   a protective layer of silicone disposed over the submount; and

   v.   at least one discrete and continuous layer of phosphor that is disposed between the protective layer of silicone and the planar surface of the submount, wherein the layer of phosphor is disposed over multiple surfaces of each electrical component of the plurality of electrical components, and wherein surfaces of each electrical component that are facing the planar surface of the submount are devoid of the at least one layer of phosphor.

100.    Upon information and belief, to the extent the Kodiak Flashlight with Magnetic Charging is found not to literally infringe Claim 23 of the '112 Patent, such device infringes at least Claim 23 of the '112 Patent under the doctrine of equivalents because it performs substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.

101.    Upon information and belief, Tractor Supply has made and is continuing to make unlawful gains and profits from its infringement of the '112 Patent.

102.    Tractor Supply's infringement has caused and will continue to cause irreparable harm to Cree LED unless Tractor Supply's infringing activities are permanently enjoined by this Court.

103.    Tractor Supply's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## COUNT IX: TRACTOR SUPPLY'S INFRINGEMENT OF THE '442 PATENT UNDER 35 U.S.C. § 271

104.    Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

105.    As detailed in the Claim Chart attached hereto as **Exhibit J**, Tractor Supply infringes one or more claims of the '442 Patent under 35 U.S.C. § 271(a), including at least Claim 14, by making, using, offering to sell, or selling in the United States the LitezAll Ultac without permission or license from Cree LED.

106.    In relation to Claim 14 of the '442 Patent, as detailed in **Exhibit J**, the LitezAll Ultac has an LED package comprising:

    i.    a submount comprising a first side, a second side that is opposite the first side, and a plurality of submount edges that are between the first side and the second side;

    ii.    a first contact pad and a second contact pad on the first side of the submount, wherein a gap is formed between the first contact pad and the second contact pad;

    iii.    an LED mounted on at least one of the first contact pad and the second contact pad;

    iv.    a lens on the first side of the submount and over the LED; and

    v.    a protective layer that is integral with the lens, wherein the protective layer extends from the lens to the plurality of submount edges, wherein a portion of the protective layer that is between a lateral boundary of the lens and at least one submount edge of the plurality of submount edges is within the gap.

107.    Upon information and belief, to the extent the LitezAll Ultac is found not to literally infringe Claim 14 of the '442 Patent, such device infringes at least Claim 14 of the '442 Patent

under the doctrine of equivalents because it performs substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.

108.    Upon information and belief, Tractor Supply has made and is continuing to make unlawful gains and profits from its infringement of the '442 Patent.

109.    Tractor Supply's infringement has caused and will continue to cause irreparable harm to Cree LED unless Tractor Supply's infringing activities are permanently enjoined by this Court.

110.    Tractor Supply's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## COUNT X: TRACTOR SUPPLY'S INFRINGEMENT OF THE 'D486 PATENT UNDER 35 U.S.C. § 271

111.    Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

112.    Tractor Supply infringes the designs of the 'D486 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, or selling in the United States the Kodiak Flashlight with Magnetic Charging and Kodiak KUB without permission or license from Cree LED.

113.    The LED package of the Kodiak Flashlight with Magnetic Charging infringes claim 1 of the 'D486 Patent's "ornamental design for an LED package with truncated encapsulant." An exemplary comparison of the Kodiak Flashlight with Magnetic Charging and the designs of the 'D486 Patent is provided below:



114. The LED package of the Kodiak KUB infringes claim 1 of the 'D486 Patent's "ornamental design for an LED package with truncated encapsulant." An exemplary comparison of the Kodiak KUB and the designs of the 'D486 Patent is provided below:



115. Upon information and belief, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the designs of the Kodiak Flashlight with Magnetic Charging and Kodiak KUB are substantially the same as the designs claimed in the 'D486 Patent.

116. Upon information and belief, Tractor Supply has made and is continuing to make unlawful gains and profits from its infringement of the 'D486 Patent.

117. Tractor Supply's infringement has caused and will continue to cause irreparable harm to Cree LED unless Tractor Supply's infringing activities are permanently enjoined by this Court.

118. Tractor Supply's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

**COUNT XI: TRACTOR SUPPLY'S INFRINGEMENT OF THE 'D066 PATENT UNDER 35 U.S.C. § 271**

119. Cree LED incorporates by reference the allegations contained in the foregoing paragraphs as though fully stated herein.

120. Tractor Supply infringes the designs of the 'D066 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, or selling in the United States the Kodiak Flashlight with Magnetic Charging and Kodiak KUB without permission or license from Cree LED.

121. The LED package of the Kodiak Flashlight with Magnetic Charging infringes claim 1 of the 'D066 Patent's "ornamental design for LED packages." An exemplary comparison of the Kodiak Flashlight with Magnetic Charging and the designs of the 'D066 Patent is provided below:



122.    The LED package of the Kodiak KUB infringes claim 1 of the 'D066 Patent's "ornamental design for LED packages." An exemplary comparison of the Kodiak KUB and the designs of the 'D066 Patent is provided below:



123. Upon information and belief, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the designs of the Kodiak Flashlight with Magnetic Charging and Kodiak KUB are substantially the same as the designs claimed in the 'D066 Patent

124. Upon information and belief, Tractor Supply has made and is continuing to make unlawful gains and profits from its infringement of the 'D066 Patent.

125. Tractor Supply's infringement has caused and will continue to cause irreparable harm to Cree LED unless Tractor Supply's infringing activities are permanently enjoined by this Court.

126. Tractor Supply's infringement has also caused monetary damages to Cree LED in an amount to be determined at trial.

## JURY DEMAND

127. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cree LED respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Cree LED respectfully requests that:

A. Defendants be adjudicated by this Court to have infringed one or more claims of each of the Asserted Patents either literally or under the doctrine of equivalents under 35 U.S.C. § 271;

B. Promier be adjudicated by this Court to have willfully infringed one or more claims of the '000 Patent, the '004 Patent, and the '926 Patent from the time of its notice of alleged infringement, and that Cree LED be awarded treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

C.     Defendants be ordered by this Court to account for and pay Cree LED damages adequate to compensate Cree LED for the infringement of one or more claims of the Asserted Patents, pursuant to 35 U.S.C. § 284;

D.     This Court enter a permanent injunction pursuant to 35 U.S.C. § 283 preventing continuing infringement of one or more claims of each of the Asserted Patents, and enjoining importation, sales and distribution of the Infringing Products;

E.     This case be deemed exceptional and Cree LED be awarded interests, costs, expenses, and reasonable attorneys' fees for this suit as provided by 35 U.S.C. § 285; and

F.     Cree LED be awarded such other and further relief as this Court may deem just and proper.


Dated: November 12, 2025          Respectfully submitted,

                                  /s/ *John H. Wright III*
                                  John H. Wright III
                                  State Bar No. 6339840
                                  **WOMBLE BOND DICKINSON (US), LLP**
                                  555 Fayetteville Street, Ste 1100
                                  Raleigh, NC 27601
                                  Telephone:  (919) 755-2155
                                  Email:  John.Wright@wbd-us.com

                                  John F. Morrow, Jr. (*pro hac vice* to be filed)
                                  North Carolina Bar No. 23382
                                  **WOMBLE BOND DICKINSON (US), LLP**
                                  One West Fourth Street
                                  Winston-Salem, NC  27101
                                  Telephone:  (336) 721-3584
                                  Email:  John.Morrow@wbd-us.com

                                  *Attorneys for Plaintiff CreeLED, Inc.*